**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH L. BLANDING,** | : | |
| **Petitioner** | : | **No. 1:11-cr-00051** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Before the Court is Petitioner Kenneth Blanding's motion to set aside, vacate, or correct

his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 79).  The motion has been fully briefed and

is ripe for disposition.  For the reasons that follow, the Court will deny Petitioner's motion.

## I.      BACKGROUND

Petitioner is in federal custody, serving a 108-month sentence that this Court handed

down on January 5, 2012.  (Doc. No. 64.)  In his motion, Petitioner raises only one substantive

ground for relief: ineffective assistance of counsel.  (Doc. No. 80 at 3.)  Respondent, in addition

to challenging the substance of Petitioner's ineffective assistance of counsel claim, argues that

Petitioner waived his right to collateral review and that his petition is time-barred.  (Doc. No. 97

at 2.)

On August 11, 2011, Petitioner, represented by appointed attorney Terrence McGowan,

pled guilty to Count II of a six-count superseding indictment for possession with intent to

distribute crack cocaine in violation of 21 U.S.C. § 841.  (Doc. Nos. 48, 58.)  In his plea

agreement, Petitioner waived his rights to direct appeal and collateral review of his conviction

and sentence, including explicitly the right to file a motion under 28 U.S.C. § 2255.  (Doc. No.

48 ¶ 20.)  It is not clear whether Petitioner knew at the time of his plea agreement that he could

be sentenced as a career offender; however, Magistrate Judge Carlson, who accepted Petitioner's

plea, did stress that any attorney guideline calculation was an estimate only, and that any "prior

conviction could affect your guidelines[.]"  (Doc. No. 95 at 13-14.)  Magistrate Judge Carlson

also confirmed that "[Petitioner] underst[ood] that the [C]ourt [was] free to impose any sentence

it deem[ed] appropriate up to the statutory maximum provided by law."  (Id. at 9.)  The United

States Probation Office prepared a presentence report, recommending that Petitioner be

adjudicated a career offender under the United States Sentencing Guidelines based on two guilty

pleas for Pennsylvania state drug felonies in 2003 and 2004.  (Doc. Nos. 96 at 7-9; 80 at 8-9; 97

at 4.)  Petitioner was indicted in November 2003 and then again in February 2004 on multiple

state charges, some of which related to cocaine distribution; at the time, Petitioner was 19 years

old.  (Doc. No. 62 at 5.)  In a consolidated proceeding, he pled guilty to one controlled-substance

felony from each incident and received a three-to-six year sentence and a one-to-two year

sentence.[1]  (Presentence Report 1:11-cr-0051, at 5-6; see also Doc. No. 62 at 5.)  Petitioner's

sentences ran concurrently, and he was paroled in 2007.  (Presentence Report 1:11-cr-0051, at 5-

6.)  According to the presentence report, as a career offender, Petitioner's suggested guideline

range was between 151 and 188 months.  (Doc. No. 97 at 8.)

    Petitioner objected to his preliminary designation as a career offender, apparently

conceding that while he met the literal definition of a career offender, the Court in its discretion

should ignore the designation, because it overstated Petitioner's criminal history.  (Doc. Nos. 62

---

[1] The two Pennsylvania criminal cases may not have been formally consolidated, but they were apparently disposed of in a single state court plea colloquy that Petitioner has attached to his supporting brief.  (See Doc. No. 80-1 at 1.)  As discussed below, Petitioner now claims that he believed his 2004 guilty plea was for one drug felony only.

at 3; 97 at 8.)  The probation office rejected Petitioner's objection, writing to the Court that

"there is no doubt that [Petitioner] is a career offender and the Court should find accordingly."

(Addendum to the Presentence Report, 1:11-cr-0051-01, at 1.)  Subsequently, in the 24-page

sentencing memorandum Attorney McGowan prepared for the Court, Petitioner again raised his

objection to the career offender status, and asked the Court in the alternative for a downward

departure and a variance so that Petitioner's sentence might better reflect his true criminal

history.  (Id. at 12-24.)  At sentencing on January 5, 2012, the Court found that Petitioner did

qualify as a career offender.  (Doc. No. 96 at 8) (Transcript: The Court: "But the Court can't

simply . . . find that he doesn't qualify for the career offender.  He clearly does."  Mr. McGowan:

"Well, technically he does, yes.").  The Court was persuaded by Petitioner's alternative

argument for a downward departure or variance, however, and sentenced Petitioner to 108

months in federal custody, well below his guideline range of 151 to 188 months.  (See Doc. No.

64.)

　　　　On February 18, 2014, more than two years after his sentencing, Petitioner filed a motion

to vacate his sentence under 28 U.S.C. § 2255.  (Doc. No. 79.)  In the motion, he alleges that his

two predicate state court guilty pleas were constitutionally defective under the Sixth

Amendment.  (Doc. No. 80 at 13-15.)  Petitioner claims that because Attorney McGowan failed

to establish the illegality of Petitioner's state court guilty pleas, Attorney McGowan's assistance

was unconstitutionally deficient.  (Doc. No. 80 at 13-15.)  According to Petitioner, had Attorney

McGowan conducted an investigation, he would have been able to successfully argue that

Petitioner's predicate offenses could not be included in his federal sentencing computation, and

as a result, Petitioner's sentence would have been much shorter.  (Id.)  Respondent filed an

opposition brief on July 16, 2014, and Petitioner filed a reply brief on September 3, 2014.  (Doc.

Nos. 97, 101.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the

sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack."  Section 2255 does not afford a

remedy for all errors that may have been made at trial or during sentencing.  United States v.

Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178,

185 (1979)).  Rather, Section 2255 is implicated only when the alleged error raises "a

fundamental defect which inherently results in a complete miscarriage of justice."  Addonizio,

442 U.S. at 185.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a

petitioner has one year from the time his conviction becomes final to file a Section 2255 motion.

28 U.S.C. § 2244.

Further, Section 2255(b) advises that a prisoner may be entitled to a hearing on his

motion.  The decision to hold a hearing is wholly within the discretion of the district court.

Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  When the record affirmatively

indicates that a petitioner's claim for relief is without merit, the claim may be decided on the

record without a hearing.  See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir.

1985).  If the record conclusively negates the factual predicates asserted in support of a Section

2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual

predicates as alleged in the motion are true, the trial court may elect not to conduct an

evidentiary hearing.  <u>Nicholas</u>, 759 F.2d at 1075.

## III.     DISCUSSION

The Court addresses two issues below: Petitioner's ineffective assistance of counsel

claim and the timeliness of his motion.[2]

### A.        Ineffective assistance of counsel

Chronologically, Petitioner's ineffective assistance of counsel claim begins with his state

court proceedings in 2004.  (Doc. No. 80 at 9-10.)  Petitioner claims that he believed he was

pleading guilty to only one drug charge in state court, not the two charges identified by the

probation office and listed on state court dockets.  (<u>Id.</u>)  Petitioner blames this confusion on his

state court counsel, John Glace, arguing that his confusion rendered Petitioner's state court guilty

pleas unknowing and involuntary, and that as a consequence, those convictions should not have

been used in calculating his federal sentence.  (<u>Id.</u> at 9-11.)  According to Petitioner, his federal

counsel, Terrence McGowan, should have investigated his state court history and argued to this

Court that Petitioner's predicating convictions were constitutionally infirm.  (<u>Id.</u> at 13-15.)

Petitioner argues that Attorney McGowan's failure to conduct this investigation and raise this

argument amounted to ineffective assistance of counsel, because Petitioner's sentence would

have been much shorter if he had not been deemed a career offender.[3]  (<u>Id.</u>)  In response, the

---

[2] Because the Court will deny Petitioner's motion on its merits and for being untimely, the Court does not consider the waiver of Petitioner's appellate rights.

[3] In his reply brief, Petitioner raises for the first time the possibility that, contrary to the findings of the probation office, his own counsel, and the Court, he truly only pled guilty to one count in his state court proceedings.  (Doc. No. 101 at 9.)  Upon review of the state court docket, the Court is satisfied that Petitioner did plead guilty to two felonies, and that he served two

Government argues that "[Attorney] McGowan's legal decision not to collaterally attack the prior state conviction was consistent with binding Supreme Court precedent and therefore not objectively unreasonable by any measure."  (Doc. No. 97 at 22.)

To demonstrate ineffective assistance of counsel, a petitioner must meet the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 682 (1984).  A petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and that (2) "counsel's errors were so serious as to deprive [the petitioner] of a fair trial[] whose result is reliable." Id. at 867.  In evaluating counsel's conduct, the Court adopts a "strong presumption" that the attorney's performance was reasonable.  Id. at 687, 689.  In the present case, the Court agrees with Respondent that Attorney McGowan's actions were reasonable, because the course of action Petitioner suggests (i.e., a pre-sentencing collateral attack on his state court convictions) would have been futile.  A necessary corollary is that Petitioner suffered no prejudice based on Attorney McGowan's course of litigation conduct.

As the United States Court of Appeals for the Third Circuit has explained, "a district court, when sentencing a defendant classified as a career offender under [U.S.S.G.] section 4B1.1, cannot entertain a constitutional challenge to the underlying convictions except in a case in which [(A)] the defendant's right to counsel had been denied," or (B) when the statute the defendant violated "explicitly provides the right to attack collaterally prior convictions used to enhance the sentence." United States v. Thomas, 42 F.3d 823, 824 (3d Cir. 1994); see also

---

concurrent sentences, even though his handwritten plea colloquy may be illegible.  (See Doc. No. 80-1.)

United States v. Escobales, 218 F.3d 259, 261 (3d Cir. 2000) (applying Thomas to a defendant

sentenced under 21 U.S.C. § 841).  There is no question that Petitioner was represented during

the course of his state court proceedings, and the appointment of counsel alone is enough to

preclude a district court from entertaining a constitutional challenge to the predicate conviction,

even a challenge based on the ineffective assistance of appointed counsel.  Custis v. United

States, 511 U.S. 485, 496-497 (1994) ("[The defendant] attacks his previous convictions

claiming the denial of the effective assistance of counsel . . . . [but that does not] rise[] to the

level of a jurisdictional defect resulting from the failure to appoint counsel at all."); see also

Escobale, 218 F.3d at 262 (applying Custis to a sentence under 21 U.S.C. § 841).  As to any

explicit statutory right to collateral review, Escobale itself establishes that no additional review

accompanies convictions under 21 U.S.C. § 841.  218 F.3d at 262-263.  Neither of the situations

contemplated in Thomas are present here, so Petitioner could not have raised a collateral attack

on his state court sentences during his federal sentencing proceedings.[4]

Consequently, because Attorney McGowan could not have successfully raised

Petitioner's suggested challenge to his prior convictions, Petitioner's theory as to Attorney

McGowan's deficient performance fails.  It necessarily follows that Petitioner cannot establish

prejudice as Strickland requires.  Accordingly, the Court will deny Petitioner's motion on its

merits.

B.     Time bar

---

[4] "The defendant's remedy in such a case is to challenge the conviction in state court or
to file a 28 U.S.C. § 2254 petition to attack collaterally the underlying state conviction[,]" not to
lodge a challenge during a federal sentencing.  Escobale, 218 F.3d at 261; see also Thomas, 42
F.3d at 825.

In addition to its failure on the merits, Petitioner's motion is also subject to denial as untimely.  In its brief in opposition, Respondent argues that because the Court sentenced Petitioner on January 5, 2012, and because he did not file his Section 2255 motion until February 18, 2014, his motion should not be considered because Section 2255(f)(1) imposes a one year limitation on federal inmates.  (Doc. No. 97 at 18-21.)  Petitioner concedes that the time between judgment and filing his motion exceeds the typical one year period, but he argues that his motion is nevertheless timely, because he could not have known of the ineffective assistance of his counsel until he could access his state court plea colloquy that, even though he exercised due diligence, he did not obtain until August 13, 2013.  (Doc. No. 101 at 7-8.)

Generally, pursuant to 28 U.S.C. § 2255(f), those pleading guilty to federal crimes have only one year from the date of final judgment to file for collateral habeas relief.  28 U.S.C. § 2255(f)(1).  Under Section 2255(f)(4), however, a petitioner's motion must only be filed within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[5]  28 U.S.C. § 2255(f)(4).

The Court agrees with Respondent that Petitioner's motion is time-barred.  Even if the Court accepts that it took Petitioner more than a year and a half to secure copies of his state court documents even with the exercise of due diligence, the inquiry does not turn on when Petitioner received his state court plea colloquy, but rather on when he could have uncovered "the facts supporting the claim."  28 U.S.C. § 2255(f)(4).  Petitioner certainly understood that he was being sentenced as a career offender at his sentencing on January 5, 2012, and probably much earlier,

---

[5] Petitioner's timeliness argument concerns only Section 2255(f)(4); Petitioner does not argue that his claim should be equitably tolled.  (See Doc. No. 101 at 7-8); see also U.S. v. Johnson, 590 F. App'x 176, 178-181 (3d Cir. 2014).

perhaps when his presentence report was released, or perhaps even during plea negotiations. Even accepting Petitioner's position that he believed he had pled guilty to only one count in state court, the fact that two state court counts were held against him became obvious well before he received a copy of his state court plea colloquy.[6]  In addition, the timeline of Petitioner's own confusion does not control, but rather, the time when "the facts supporting the claim . . . could have been discovered."  See 28 U.S.C. § 2254(f)(4) (emphasis added).  In the present case, even if the Court accepts that Petitioner did not know that he pled guilty to two counts in state court, the Court finds that he easily could have known.  Accordingly, the Court finds that Petitioner's motion was untimely and will deny it on that basis as well.

## IV.   CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  Under Section 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA will not issue in this case.

## V.   CONCLUSION

The Court finds that Petitioner has not stated a claim in his Section 2255 petition that merits relief and will deny the petition.  Thus, the Court will not conduct an evidentiary hearing.

---

[6]  In addition, the Court observes that the underlying state court ineffective assistance of counsel claim essential to Petitioner's present motion occurred almost eight years before his federal sentencing.

An order consistent with this memorandum follows.